■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH FRANKLIN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 14, 1974, convicting him of rape in the first degree, kidnapping in the second degree, robbery in the first degree and unauthorized use of a motor vehicle, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of kidnapping in the second degree, and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed. As his principal point on appeal, the defendant maintains that the Trial Justice deprived him of a fair trial by his alleged hostile and protracted interrogation of a witness for the defense. We take occasion to criticize the actions of the Trial Justice for so injecting himself unduly into the interrogation of that witness. A Judge should act solely as an arbiter, not as an advocate, particularly where, as here, the People and the defendant were represented by competent counsel. Yet, while we deplore the overzealousness of the trial court on this point, the proof of defendant's guilt is so overwhelming as to render the court's interjections harmless error (see *People v Crimmins,* 36 NY2d 230). As noted in *Crimmins* (p 237, citing *Chapman v California,* 386 US 18 and *Fahy v Connecticut,* 375 US 85), so do we find at bar that "there is no reasonable possibility that the error might have contributed to defendant's conviction and that it was thus harmless beyond a reasonable doubt". We think defendant received not a perfect trial, but a fair one. The conviction of kidnapping in the second degree must be dismissed (see *People v Lombardi,* 20 NY2d 266; *People v Usher,* 49 AD2d 499). Latham, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.